IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>COLFAX COUNTY, NEBRASKA; the COLFAX COUNTY CLERK and ELECTION COMMISSIONER, in her official capacity; and the COLFAX COUNTY BOARD OF COMMISSIONERS, in their official capacities,<br><br>        Defendants. | 8:12-CV-84<br><br>CONSENT ORDER |

This three-judge Court has been convened under 28 U.S.C. § 2284 and 42 U.S.C. § 1973aa-2, and has considered the United States' claim under Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-la. The Court has fully considered the terms of the proposed Consent Decree, which has been voluntarily entered into by the parties, and finds that its terms are fair, reasonable, and consistent with the objectives of the Voting Rights Act. Accordingly,

IT IS ORDERED:

1. The Court adopts the terms of the proposed consent decree, set forth below, enters the relief set forth in the decree, and incorporates its terms herein;
2. Pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), federal observers are authorized to attend and observe elections in Colfax County, Nebraska, during the period of this decree;
3. The Court shall retain jurisdiction of this case, and unless otherwise ordered by the Court, the Consent Decree entered into by the parties shall terminate on March 30, 2015; and
4. The parties shall each bear its own fees and costs.

Dated this 2nd day of March, 2012

BY THE COURT:


*s/ William Jay Riley*
Chief Circuit Judge,
Eighth Circuit Court of Appeals


*s/ Richard G. Kopf*
Senior United States District Judge


*s/ John M. Gerrard*
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 8:12-cv-84 |
| v. | ) ) | **PROPOSED CONSENT DECREE** |
| COLFAX COUNTY, NEBRASKA; the COLFAX COUNTY CLERK and ELECTION COMMISSIONER, in her official capacity; and the COLFAX COUNTY BOARD OF COMMISSIONERS, in their official capacities, | ) ) ) ) ) ) | **JUDGMENT, and ORDER** |
| Defendants. | ) ) | |

The United States of America filed this action pursuant to Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a ("Section 203"), and pursuant to 28 U.S.C. § 2201, to enforce voting rights guaranteed by the Fourteenth and Fifteenth Amendments, with respect to the conduct of elections in Colfax County, Nebraska.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 1973aa-2a. In accordance with 42 U.S.C. § 1973aa-2 and 28 U.S.C. § 2284, the United States' claim under Section 203 must be heard and determined by a court of three judges.

Colfax County ("the County") has been covered under Section 203 of the Voting Rights Act for the Spanish language since 2002, and remains covered under the most recent determinations by the Director of the Census. See 67 Fed. Reg. 48,871 (July 26, 2002); 76 Fed. Reg. 63,302 (Oct. 13, 2011). As a result of that coverage, the County is required to provide "any registration or voting notices, forms, instructions, assistance, or other material or information

1

relating to the electoral process, including ballots," in the Spanish language. 42 U.S.C. 1973aa-1a. The Department of Justice has informed Colfax County of the requirements of Section 203 of the Voting Rights Act and provided guidance regarding how to implement procedures to ensure compliance with these requirements.

According to the 2000 Census, Colfax County had a total population of 10,441 persons, of whom 2,732 (26%) were Hispanic. The County had a total voting age population of 7,424 persons, of whom 1,690 (22.8%) were Hispanic. Of the total Hispanic voting age population, the Census Bureau estimated that 570 (33.3%) persons in the County were citizens, of whom 385 (68%) were limited-English proficient ("LEP"). According to the 2000 Census, the total population of the City of Schuyler, Nebraska, was 5,371 persons, of whom 2,423 (45.1%) were Hispanic. The total voting age population of Schuyler was 3,777 persons, of whom 1,493 (39.5%) were Hispanic. Of that Hispanic total voting age population in Schuyler, the Census estimated that 524 persons (34.2%) were citizens.

The Hispanic population in both the County and in Schuyler has grown significantly since the 2000 Census. According to the 2005-2009 American Community Survey ("ACS") five-year estimates, the total population of Schuyler was 5,205 persons, of whom 3,470 (66.7%) were Hispanic. The total voting age population in Schuyler was 3,225 persons, of whom 1,790 (55.5%) were Hispanic. The total citizen voting age population in the City was 1,945 persons, of whom 505 (25.9%) were Hispanic.

According to the 2010 Census, the total population of Colfax County was 10,515 persons, of whom 4,315 (41%) were Hispanic. The total voting age population of the County was 7,452 persons, of whom 2,499 (33.5%) were Hispanic.

According to the 2010 Census, the total population of Schuyler was 6,211 persons, of whom 4,060 (65.4%) were Hispanic. The total voting age population of Schuyler was 4,113 persons, of whom 2,359 (57.4%) were Hispanic.

The United States contends that Defendants have failed to comply with the requirements of Section 203 by failing to: provide all election-related information, materials and assistance in the Spanish language; translate and disseminate election-related information and materials, including, but not limited to, information publicizing elections and procedures in the Spanish language, in a manner that ensures that limited-English proficient Spanish-speaking voters have the opportunity to be informed about election-related activities; and recruit, hire, train, and maintain at least one bilingual, fluent Spanish-speaking poll official capable of providing necessary and effective Spanish language assistance to limited-English proficient Spanish-speaking voters at each polling site in the City of Schuyler on Election Day.

To avoid protracted and costly litigation, Plaintiff United States of America and Defendants Colfax County, Nebraska, the Colfax County Clerk and Election Commissioner, in her official capacity, and the Colfax County Board of Commissioners, in their official capacities ("the Parties"), have agreed that this lawsuit should be resolved through the terms of this Consent Decree (the "Decree"). Accordingly, the Parties hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Order. The Parties waive further hearings and entry of findings of fact and conclusions of law on all issues involved in this manner. Each party shall bear its own costs and fees.

Defendants deny that they have not fully complied with all of the provisions of Section 203 of the Voting Rights Act. Defendants remain committed to complying fully with all such

3

requirements in future elections. Therefore, Defendants stipulate that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants, their agents, employees, contractors, successors, and all other persons representing the interests of Defendants shall provide "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" in the Spanish language, as required by Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a.

2. The terms of this Decree apply to all Federal, state, and local elections that are administered by Defendants. Whenever Defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendants shall require such entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, and consistent with the responsibility of each entity to comply fully with Section 203 of the Voting Rights Act.

**Translation and Dissemination of Election-Related Materials**

3. All information that is disseminated by Defendants in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973aa-1a, shall also be provided in the Spanish language.

4. Defendants shall utilize a certified translator to prepare translated materials. The translator shall work in coordination with the bilingual election program Coordinator and the Advisory Group described in paragraphs 22-25 to ensure that bilingual materials are complete,

4

accurate, linguistically competent and accessible to limited-English proficient voters.

5. Any voting system Defendants employ shall be bilingual, as described below. If Defendants use electronic voting machines, these machines shall offer the readily apparent options of a written and audio ballot in the Spanish language. Any paper ballots used by Defendants, including the official ballot, the provisional ballot, and the absentee ballot, shall be translated bilingually with both English and Spanish on one ballot.

6. All of the provisional ballot materials shall be translated bilingually with both English and Spanish included on the materials, including the provisional ballot envelope, forms or affidavits, and the written information given to a provisional voter setting forth the instructions for determining whether the provisional ballot was counted. The free system utilized by Defendants through which a provisional voter can determine whether the provisional ballot was counted, shall be available in English and Spanish.

7. All election information and materials posted or displayed in the polling places shall be translated in both English and Spanish, with the translations either on the same posting or display, or in near proximity to each other.

8. Sample ballots and other written materials mailed to voters' homes shall also be provided in the Spanish language, including all of the relevant information provided in the English-language version and mailed out at the same time as the English-language materials.

9. Defendants shall ensure that all Spanish and English language election information, materials, and announcements are made equally available. Spanish language information shall be distributed in local newspapers, radio, the Internet, and other media that regularly publish or broadcast information in Spanish to the local population. Dissemination of

these minority language announcements shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information, but need not be identical in all respects to English language announcements.

10. Defendants shall affirmatively contact all identifiable organizations in the County that serve Spanish-speaking citizens, to inform these groups of this Decree and solicit their assistance in recruiting bilingual poll officials and conducting outreach to limited-English proficient voters.

**Spanish Language Assistance**

11. Spanish language assistance shall be available at all locations where election-related transactions are conducted. Trained bilingual (Spanish and English fluent) election personnel shall be available to answer voting-related questions by telephone without cost during normal business hours and while the polls are open on Election Day. Defendants may coordinate the provision of such services with other governmental or non-governmental entities that conduct elections.

12. Defendants shall recruit, hire, and assign poll officials able to understand, speak, write, and read Spanish and English fluently to provide effective assistance to Spanish-speaking voters at the polls on Election Day.

13. Defendants agree that in targeting precincts for bilingual assistance it shall consult Spanish surnames of registered voters, data from the 2010 Census and the most recent Five-Year Survey data from the American Community Survey regarding the location of persons of Hispanic origin in the County.

14. Defendants agree to provide bilingual poll workers fluent in English and Spanish in all election precincts located within the Schuyler City limits, according to the following targets for Spanish-language assistance:

   a. Any election precinct in which there are 100-249 registered voters with Spanish surnames shall be staffed by at least one bilingual election official;

   b. Any election precinct in which there are 250-499 registered voters with Spanish surnames shall be staffed by at least two bilingual election officials;

   c. Any election precinct in which there are 500 or more registered voters with Spanish surnames shall be staffed by at least three bilingual election officials; and

   d. Defendants shall employ bilingual personnel, trained in Spanish language election terminology, who shall be on call and available to travel to a Schuyler precinct insufficiently staffed by bilingual poll officials to provide any necessary assistance to any limited-English proficient Spanish-speaking voter.

15. Defendants shall also provide bilingual Spanish language assistance, materials, and information at all early voting polling sites within the City of Schuyler, including at the County Courthouse.

16. The parties may, by written agreement, adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is

7

lesser or greater than these standards or that the anticipated voter turnout is substantially lower than average voter turnout.

17. Signs in both English and Spanish shall be posted prominently at all Schuyler polling places stating that Spanish language assistance is available in that polling site, that a bilingual interpreter is available at the County Clerk's office in the County Courthouse to assist voters with other election-related questions, and listing the number of the County Clerk's office.

18. Defendants shall survey its employees to identify personnel who speak Spanish fluently and, to the extent such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on Election Day. Defendants shall request that cities, school districts, and other entities that are involved in conducting elections in the County perform similar surveys of their employees. Defendants shall advise counsel for the United States of any entity that does not participate fully in the event that there is difficulty obtaining sufficient bilingual personnel.

19. Defendants shall invite eligible members of the Advisory Group, discussed below, to serve as poll officials and to encourage other bilingual voters to do so.

**Election Official Training**

20. Prior to each election, in addition to any required state or County training, Defendants shall train all poll officials and other election personnel present at the polls regarding the provisions of Section 203 of the Voting Rights Act, including the legal obligation and means to make Spanish language assistance and materials available to voters, and the requirement that poll officials be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities and to avoid inappropriate comments.

21. In addition to the general training for poll officials, Defendants shall train all bilingual poll officials on Spanish language election terminology, voting instructions, and other election-related issues. Defendants shall maintain a record of which poll officials attend training sessions, including the time, location, and training personnel involved. Defendants shall provide a copy of the training manual to the United States prior to the start of training sessions. Personnel from the United States will be permitted to observe the training.

### Response to Complaints About Poll Officials

22. Defendants, upon receipt of complaints by voters, whether oral or written, relating to minority language voters, materials or assistance, shall investigate expeditiously any allegations of poll official hostility toward Spanish-speaking and/or Hispanic voters in any election. The results of the investigation(s) conducted by the Defendants shall be reported to the United States within 30 days. Where there is credible evidence that poll officials have engaged in inappropriate treatment of Spanish-speaking or Hispanic voters, Defendants shall remove those poll officials.

### Spanish Language Election Program Coordinator

23. Defendants shall hire an individual to coordinate the County's Spanish-language election Program ("the Coordinator") for all elections within the County. Defendants shall provide the Coordinator with support sufficient to meet the goals of the program. The Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The Coordinator's responsibilities shall include coordination of the translation of ballots and other election information; development and oversight of Spanish publicity programs, including selection of appropriate Spanish language media for notices and announcements;

9

training, recruitment, and assessment of Spanish language proficiency of bilingual poll officials and interpreters, and managing other aspects of the program.

**Advisory Group**

24. Defendants shall establish an Advisory Group to assist and inform the Spanish language election program. The Advisory Group shall be open to any interested community members and organizations and will assist in determining how to most effectively provide election materials, information, and assistance to Spanish-speaking voters. Defendants shall maintain a roster of the Advisory Group members together with the telephone and facsimile numbers or electronic mail addresses of each member.

25. The Advisory Group shall meet at least three times during the six months before the May 2012 and 2014 primary elections, at least twice during the five months before the November 2012 and 2014 general elections, and at least once during the two months after the November 2012 and 2014 general elections. The Advisory Group shall meet at least twice during the three months prior to any City, School Board, or Special Election, and at least once during the two months after those elections. By written agreement, the Parties may adjust the Advisory Group's meeting schedule after consultation with the Advisory Group. The Coordinator shall provide notice of all planned meetings of the Advisory Group, including the date, time, location, and agenda at least 14 days in advance of such meeting, although members of the Advisory Group may agree to waive or shorten this time period as necessary.

26. Within five days after each meeting, the Coordinator shall provide a written summary of the discussion and any decisions reached at the meeting to all Advisory Group members and to Defendants. If Defendants decide not to implement an Advisory Group's

10

suggestion or a consensus cannot be reached respecting such suggestion, Defendants shall provide to the Advisory Group through the Coordinator, and maintain on file, a written statement of the reasons for rejecting such suggestion. Defendants shall provide a copy of each such summary and report to each member of the Advisory Group and to any additional interested member of the public who requests such information.

27. Defendants shall transmit to all members of the Advisory Group, and to any additional interested member of the public who requests such information, in English and Spanish, copies of all election information, announcements, and notices that are provided or made available to the electorate and general public, and request that they share such information with others.

**Federal Observers**

28. To assist in monitoring compliance with and ensure effectiveness of this Decree, and to implement the voting guarantees of the Fourteenth and Fifteenth Amendments of the citizens of Colfax County, the appointment of federal observers is authorized for Colfax County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), for the duration of this Decree.

29. Defendants shall recognize the authority of Federal observers to gather information and to observe all aspects of voting conducted in the polls on Election Day, including the authority to view County personnel providing assistance to voters during voting, except where the voter objects.

**Evaluation of Plan**

30. The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish language Program. Defendants shall evaluate the Spanish language election program after each election to determine which aspects of the program are functioning well; whether any aspects need improvement; and how to implement needed improvements. The program may be adjusted at any time upon joint written agreement of the parties.

31. This Decree shall terminate on March 30, 2015, provided the parties agree or this Court determines, in accordance with the procedures in paragraphs 32-34 below that Defendants have achieved substantial compliance with the terms of the Decree for the previous two election cycles. An "election cycle" refers to all elections administered by Defendants during a calendar year.

32. If after the November 2014 general election, or anytime subsequent to that date, the Defendants' assessments show that they have been substantially complying with all aspects of this Decree for the previous two election cycles and have the intent and means to continue compliance with Section 203, the Defendants will file a report with the United States demonstrating substantial compliance with each provision of this Decree. Defendants shall include any reports from the Coordinator and the Advisory Group detailing the Defendants' efforts to comply with the Decree. Defendants shall bear the burden of demonstrating that they have substantially complied with the Decree and maintained substantial compliance for the required period.

33. After conferring with Defendants, the United States, in its good faith discretion, will determine whether the Defendants have maintained substantial compliance for the requisite

12

election cycles, and a conclusion of substantial compliance may not be unreasonably withheld. If the parties agree that there is substantial compliance, they shall file a joint motion with the Court to terminate the Decree.

34. If the United States determines that Defendants have not substantially complied for the requisite period, and if Defendants dispute such determination, Defendants may file a motion with this Court for termination of the Decree after the November 2014 election, or anytime subsequent to that date. In any such proceeding, Defendants shall have the burden of demonstrating substantial compliance. Defendants must notify the United States and the Advisory Group, and provide public notice of its intention to file such motion, at least 45 days prior to filing a contested motion to terminate the Decree. Defendants shall make public the report sent to the United States showing substantial compliance, and invite comments from the public. Defendants shall allow at least 30 days for public comment before filing the motion to terminate the Decree. Defendants shall provide all comments received to the United States.

### Retention of Documents and Reporting Requirements

35. Throughout the duration of this Decree, Defendants shall make and maintain written records of all actions taken pursuant to this Decree sufficient to document its compliance with all of the requirements of the Decree. Such records shall be made available to the United States, upon its request and reasonable notice.

36. Throughout the duration of this Decree, at least 30 days before each County-administered election, Defendants shall provide to counsel for the United States:

(a) the name, address, and precinct designation of each polling place;

  (b) the name and title of each poll official appointed and assigned to serve at each precinct;

  (c) a designation of whether each poll official is fluent in English and Spanish;

  (d) an electronic copy of the voter registration list to be used in such elections;

  (e) copies of any signs or other written information provided at polling places; and

  (f) agendas and minutes from previous meetings of the Advisory Group.

37. Within 30 days after each such election, Defendants shall provide to counsel for the United States a report regarding any changes in these items as well as information about all complaints Defendants received during the election about language or assistance issues, by express mail or electronically to the following address:

> Voting Section, Civil Rights Divison
> United States Department of Justice
> 1800 G Street, N.W., Room NWB-7254
> Washington, D.C. 20006
> Facsimile: (202) 307-3961
> sarabeth.donovan@usdoj.gov
> olimpia.michel@usdoj.gov

**Other Provisions**

38. This Decree is final and binding between the Parties and their successors in office regarding the claims raised in this action.

39. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Section 203 of the Voting Rights Act.

Agreed to this 13th day of February, 2012.

AGREED AND CONSENTED TO:

| For the Plaintiff, | For the Defendants, |
|---|---|
| UNITED STATES OF AMERICA: | COLFAX COUNTY, et al.: |

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

*/s/ Denise Kracl*

DENISE KRACL: NE Bar# 23692
Colfax County Attorney
412 East 11th Street
Schuyler, NE 68661
Ph: (402) 352-8502
colfx07@megavision.com

*/s/ T. Christian Herren Jr.*

T. CHRISTIAN HERREN JR.
REBECCA J. WERTZ
SARABETH DONOVAN
NE Bar Number: 19798
OLIMPIA E. MICHEL
NY Bar Number: 4358321
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
NWB 7254
Washington, D.C. 20530
Telephone: (202) 305-2552
Facsimile: (202) 307-3961
Email: sarabeth.donovan@usdoj.gov
olimpia.michel@usdoj.gov
Counsel for Plaintiff
United States of America

*/s/ Jerry Heard*

JERRY HEARD
Chair, Colfax County Board of
Commissioners

*/s/ Rita M. Mundil*

RITA M. MUNDIL
Colfax County Clerk
Colfax County Election Commissioner